### TEALE v. TILYOU et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

REFERENCE—FINDINGS—DUTY TO SEPARATELY STATE FACTS FOUND.

　　Code Civ. Proc. § 1022, provides that the report of the referee upon the trial of the "whole issues of fact" must separately state the facts found and conclusions of law. *Held* that, where the issues in an action had been tried and the judgment entered thereon affirmed on appeal before the appointment of a referee to determine the amount of plaintiff's damages, the reference was only an incident to the proceedings and not the "trial of the whole issues of fact," and the referee was not bound to separately state the facts found.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 134.]

Appeal from Special Term.

Action for injunction by Charles E. Teale, administrator of Axel Young, against George C. Tilyou and others. Judgment for plaintiff, and referee appointed to assess damages. From an order sending the matter to a new referee, defendants appeal. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Stephen C. Baldwin, for appellants Tilyou and Ingersoll.

Walter E. Warner (Robert H. Roy, on the brief), for respondent.

RICH, J. In 1904 the plaintiff commenced this action to restrain the defendants from obstructing a walk running from the Bowery to the ocean at Coney Island. Upon the trial the plaintiff succeeded, and judgment was entered ordering the removal of the obstructions and incumbrances, and perpetually enjoining the defendants from thereafter obstructing or incumbering it. Subsequently, upon plaintiff's motion, an order was granted at Special Term appointing a referee to hear and determine the damages sustained by the plaintiff and fix the amount thereof, and providing "that upon the coming in of said report judgment be entered by the clerk of Kings county in favor of the plaintiff and against the defendants for the amount so reported, with the plaintiff's disbursements in connection with said reference." The referee found in favor of the plaintiff for nominal damages only, whereupon plaintiff served notice electing to end the reference, and moved at Special Term for the appointment of a new referee, on the grounds, first, of certain alleged misconduct and negligence, and, second, because the report of the referee contained no findings of fact or conclusions of law. The learned justice presiding at Special Term, speaking upon the subject upon which the first ground of plaintiff's motion is based, says:

"It seems to me to have been unduly exaggerated, and affords no reason for just criticism of any one."

The acts complained of were done with the knowledge and acquiescence of the plaintiff's counsel. We are unanimously of the opinion that the conclusion of the Special Term upon this branch of the motion was correct. We are unable, however, to agree that plaintiff had the right to have the facts found by the referee separately stated. This appeal is from the order granting plaintiff's motion because of the failure of the referee to separately state the facts found. The Code of Civil Procedure (section 1022) provides that the report of the referee upon the trial of the "whole issues of fact" must separately state the facts found and conclusions of law. The question presented, therefore, is: Were the whole issues of fact in the action tried by the referee?

The issues in the action have been tried, and the judgment entered thereon affirmed on appeal, long before the appointment of the referee to determine the amount of plaintiff's damages. The reference was only an incident to the proceedings, and not the "trial of the whole issues of fact." There is no provision of law requiring a referee appointed to determine the amount of damages to separately state the facts found.

It follows that the order was improperly made, and it must be reversed, with costs. All concur.